<hr/>

### MacMAHON v. SIMON et al.

(Supreme Court, Appellate Division, First Department.   November 20, 1908.)

1. PLEADING (§ 192*)—FRIVOLOUS DEMURRER.
   Though the complaint contains much irrelevant matter, and gives a somewhat confused statement of the material facts, yet clearly a cause of action being stated, the demurrer thereto is frivolous.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 409; Dec. Dig. § 192.*]

2. PLEADING (§ 222*)—FRIVOLOUS DEMURRER—ALLOWING ANSWER.
   Though defendant's demurrer to the complaint is frivolous, he should be allowed to answer.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 570–574; Dec. Dig. § 222.*]

Appeal from Special Term.

Action by Stephen A. MacMahon against Joseph E. Simon and others.   From an order granting judgment against said defendant on his demurrer to the complaint as frivolous, he appeals.   Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Selden Bacon, for appellant.
Alexander Thain, for respondent.

PER CURIAM.   While this complaint contains much irrelevant matter and there is a somewhat confused statement of the material

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

facts, there is clearly a cause of action for damages based upon the conspiracy between the defendants to defraud the plaintiff by inducing intoxication and obtaining from him while in an unconscious condition as the result of such intoxication a transfer of his interests in the corporation. It is clear, therefore, that the demurrer was frivolous. We think, however, that the defendant should have been allowed to answer the complaint.

The order appealed from is therefore modified by adding thereto a clause allowing the defendant to withdraw the demurrer and answer the complaint within 20 days after the service of a copy of the order of this court upon payment of the costs of the action, and $10 costs of the motion for judgment, and, as modified, affirmed, without costs to either party on this appeal.